IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CV-125-BO

| | |
|---|---|
| DELTON R. DIAL, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| ROBESON COUNTY, NORTH CAROLINA, et al., | ) |
| Defendants. | ) |

This matter is before the Court on defendants' motions to dismiss. Plaintiff responded after the expiration of the response deadline, and the matter is ripe for ruling. For the following reasons, defendants' motions to dismiss are GRANTED.

## BACKGROUND

Plaintiff Delton Dial filed this action seeking injunctive relief and damages against defendants Robeson County, North Carolina (Robeson County), Grady Hunt, Fannie Sue Lowery, and Horace Paul Dial. This action arises out of a petition for actual partition filed in 2010, by defendant Hunt as attorney for defendants Lowery and Dial. In the instant action, plaintiff alleges that defendant Hunt falsely represented to the Robeson County Superior Court that he had permission from the heirs of the James and Fannie Dial estate to sell the property, in violation of N.C.G.S. § 110–107; that defendants Lowery and Dial committed fraud by partitioning the estate without just compensation or permission from other heirs in violation of N.C.G.S. § 97–88; and that defendant Robeson County had knowledge of these crimes and failed

1

to do anything to stop them in violation of 42 U.S.C. § 1986. Defendants all now move to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject-matter jurisdiction, which is the court's "statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). As the party asserting that the Court has subject-matter jurisdiction, plaintiff must prove that subject-matter jurisdiction exists. *See, e.g, Steel Co.*, 523 U.S. at 104; *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. *Evans,* 166 F.3d at 647.

Here, the complaint must be dismissed pursuant to Rule 12(b)(1) because this Court lacks subject-matter jurisdiction over the purported claims. A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interests and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

Plaintiff does not allege that his case is before the Court pursuant to diversity jurisdiction—nor could he. It is undisputed that the parties are all citizens of North Carolina. Plaintiff instead pleads that his cases raises a federal question in that he sues Robeson County

2

under 42 U.S.C. § 1986, which is a federal law. However, plaintiff has not pled sufficient facts to state a claim under this statute.

Section 1986 authorizes a neglect action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do. . . ." 42 U.S.C. § 1986. Thus, liability under § 1986 is predicated upon liability under 42 U.S.C. § 1985. Section 1985, in turn, forbids conspiracy to interfere with civil rights in the form of (1) preventing an officer of the United States from performing duties; (2) obstructing justice; or (3) depriving persons of rights or privileges. 42 U.S.C. § 1985. Plaintiff does not allege that Robeson County violated § 1985 in any way, nor does plaintiff allege any facts that would support the argument that Robeson County violated § 1985 in any way. Accordingly, plaintiff fails to state a claim for violating § 1986, and this purported claim cannot form the basis for the Court's subject-matter jurisdiction.

No other claims purportedly raised in the complaint arise under federal law. Accordingly, plaintiff has failed to meet his burden of establishing subject-matter jurisdiction. And, unfortunately for Mr. Dial, a plaintiff's failure to establish subject-matter jurisdiction requires dismissal of his case. *See, e.g, Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342–43 (2006). Accordingly, this Court dismisses plaintiff's complaint against Robeson County for lack of subject matter jurisdiction and declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *Hinson v. Norwest Fin S. Carolina, Inc.*, 239 F.3d 611 (4th Cir. 2001).

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE 5, 9, 22], are GRANTED. Plaintiff's claims are dismissed in their entirety. The Clerk is DIRECTED to close the case.

SO ORDERED.

This, the 5 day of November, 2014

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE